J-S47033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID A. RICHARDSON | |
| Appellant | No. 3159 EDA 2013 |

Appeal from the PCRA Order of October 28, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0848941-1993

BEFORE:  MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                **FILED AUGUST 13, 2014**

David Richardson appeals the October 28, 2013 order that dismissed his sixth petition for relief pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  We affirm.

In 1993, Richardson was charged in two separate criminal informations with various crimes arising from two related incidents occurring on June 5, 1993 and June 7, 1993.  In Richardson's direct appeal, we summarized the factual and procedural history that gave rise to these two sets of charges as follows:

> David Richardson and co-defendant Warren "Monk" Edwards were charged in two separate but related incidents which culminated in the death of the victim, Gerald Smith.  The first of these incidents occurred on June 5, 1993 and resulted in [Richardson] being charged with simple and aggravated assault, recklessly endangering another person ("REAP") and weapons violations.  The second of these incidents occurred on June 7, 1993 and resulted in [Richardson] being charged with murder,

aggravated assault, REAP, possession of an instrument of crime ("PIC") and criminal conspiracy. These two sets of charges were consolidated for trial and [Richardson] and [Edwards] were tried together. [Richardson] was acquitted of all the crimes charged in relation to the June 5th incident. He was found guilty of two counts of aggravated assault and one count each of PIC, REAP and conspiracy, all in relation to the June 7th incident. The jury deadlocked on the murder charge.

[Richardson] was subsequently retried on the murder charge. . . . At the conclusion of trial, [Richardson] was found guilty of first[-]degree murder. A sentence of life imprisonment was subsequently imposed.

\*　　\*　　\*

The facts underlying the above-charged offenses are as follows. In February of 1993, co-defendant Edwards was involved in a contentious relationship with his pregnant girlfriend, Natasha Smith. He and [Richardson] visited her at her home in Philadelphia. An argument took place between [Edwards] and Natasha, which culminated in [Edwards] pulling a gun and firing a shot into the air. [Edwards] and [Richardson] then left the premises.

On June 5, 1993, [Richardson] and [Edwards] visited Natasha at her grandmothers' house. Two of her uncles, Gerald Smith (the eventual murder victim) and Ulysses Smith, asked [Edwards] and [Richardson] to leave. An argument ensued and [Richardson] and Gerald Smith got into a fist-fight. [] Edwards retrieved a gun from his car and began shooting. A third uncle, Michael Smith, arrived on the scene, and a bullet from [Edwards'] gun passed through his sweatshirt but did not cause any injury to him. [Richardson] and [Edwards] then left the premises.

Two days later, on June 7, 1993, [Richardson] and [Edwards] drove past Natasha's grandmother's house. Gerald and Ulysses Smith were in front of the house. [Richardson], who was in the front passenger seat, pointed a gun out the window and fired four shots, hitting Gerald Smith once and killing him.

***Commonwealth v. Richardson***, No. 2777 Phila. 1995, slip op. at 1-3 (Pa.

Super. Feb. 6, 1997) (footnote omitted).

On February 6, 1997, we affirmed Richardson's judgment of sentence. *Id.* at 2, 9. On October 16, 1997, the Pennsylvania Supreme Court denied Richardson's petition for allowance of appeal. ***Commonwealth v. Richardson***, 704 A.2d 637 (Pa. 1997) (*per curiam*).

The PCRA court summarized the subsequent post-conviction proceedings as follows:

> On January 11, 2000, [Richardson] filed his first PCRA petition. Counsel was appointed, and a "no merit" letter pursuant to ***Turner/Finley***[1] was filed. The [petition] was dismissed on January 12, 2001. [Richardson] did not appeal the dismissal order.
>
> On September 4, 2001, [Richardson] filed his second petition. After review, it was dismissed on March 1, 2002. Again, [Richardson] did not appeal the dismissal order.
>
> [Richardson] filed a third PCRA petition on May 14, 2003, which was ultimately dismissed as untimely on January 6, 2004. [Richardson] requested the right to appeal the dismissal *nunc pro tunc*. [Richardson] filed a *nunc pro tunc* Notice of Appeal on April 9, 2004. The appeal was treated as a fourth untimely PCRA petition, and was ultimately dismissed on April 13, 2005. [Richardson] appealed, and [this Court] affirmed the dismissal on January 12, 2006.
>
> [Richardson] filed his fifth PCRA petition on October 20, 2006. After review, it was dismissed as untimely on September 21, 2007. [Richardson] filed an appeal on October 5, 2007. [Richardson] thereafter submitted a request to discontinue the appeal, which [this Court] granted on April 28, 2008.
>
> [Richardson] filed the instant PCRA petition, his sixth, on December 3, 2010. After conducting an extensive and exhaustive review of the record as well as applicable case law,

---

[1]   ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 214 (Pa. Super. 1998).

> [the PCRA court] determined that [Richardson's] request for post-conviction collateral relief was untimely filed.

PCRA Court Opinion ("P.C.O."), 1/6/2014, at 1-2. On October 27, 2011, the PCRA court issued to Richardson notice of its intent to dismiss Richardson's sixth PCRA petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907.

On November 16, 2011, in response to the PCRA court's Rule 907 notice, Richardson filed a "Motion for Leave to Amend Post-Conviction Relief Act Petition," and an "Application for Leave to File Motion to Invoke Exception to the One-Year Time Limit." On November 11, 2012, Richardson submitted a request to the Philadelphia Police Department for all of the police records pertaining to his case pursuant to Pennsylvania's Right to Know Law, 65 P.S. § 67.101-67.3104. The Department replied by letter to Richardson, informing him that he had failed to submit his request using the mandated statewide request form. Consequently, the Department did not consider his request as a Right to Know request, and instead considered it an informal request for information. Nonetheless, the Department ultimately denied Richardson's request, and a subsequent appeal of that request, because information relating to criminal matters or investigations are exempt from the Right to Know Law's parameters. *See* Letter, 1/8/2013; Letter, 2/7/2013; and 65 P.S. § 67.708(b)(16). On both June 10 and June 18, 2013, Richardson filed a "Petition for Review" pertaining to his Right to Know requests with the PCRA court. Finally, on May 28, 2013, Richardson

filed a second "Motion for Leave to File Amended Post Conviction Relief Act Petition." After reviewing Richardson's initial petition, and all of his subsequent pleadings, the PCRA court entered an order dismissing Richardson's PCRA as untimely on October 28, 2013.

On November 8, 2013, Richardson filed a notice of appeal. The PCRA court did not order Richardson to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Richardson did not file a statement. Nonetheless, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on January 6, 2014.

Richardson raises the following three issues for our consideration:

Did the PCRA court err in dismissing [Richardson's] sixth PCRA petition as untimely where the court found that [Richardson] attempted to invoke the government interference exception by alleging that the unavailability of his trial notes of testimony caused counsel not to file a 1925(b) statement [in a prior appeal] was previously litigated?

Did the PCRA court err in dismissing [Richardson's] sixth PCRA petition as untimely where the court found that [Richardson] had failed to invoke the government interference exception within sixty (60) days of when the petition could have been presented?

Did the PCRA court err in failing to exercise subject matter jurisdiction over [Richardson's] Right to Know Law appeal?

Brief for Richardson at 3.

As in all PCRA cases, particularly those that involve an appellant's sixth PCRA petition, we begin with the questions of whether the petition was timely filed pursuant to the PCRA's strict time limit, and, therefore, whether we have jurisdiction to resolve the substantive claims raised by Richardson.

- 5 -

It is well-established that the PCRA time limits are jurisdictional, and are meant to be both mandatory and applied literally by the courts to all PCRA petitions, regardless of the potential merit of the claims asserted. ***Commonwealth v. Murray***, 753 A.2d 201, 202-03 (Pa. 2000); ***Commonwealth v. Leggett***, 16 A.3d 1144, 1145 (Pa. Super. 2011). "[N]o court may properly disregard or alter [these filing requirements] in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." ***Murray***, 753 A.2d at 203; ***see Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000).

"[A]ny PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the petitioner's judgment of sentence becomes final." ***Commonwealth v. Breakiron***, 781 A.2d 94, 97 (Pa. 2001) (citing 42 Pa.C.S. § 9545(b)(1)). "A judgment becomes final for purposes of the PCRA 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review.'" ***Commonwealth v. Wharton***, 886 A.2d 1120, 1124 (Pa. 2005) (quoting 42 Pa.C.S. § 9545(b)(3)).

The Pennsylvania Supreme Court denied Richardson's petition for allowance of appeal on October 16, 1997. Hence, Richardson had ninety days from that date to file a petition for a writ of certiorari with the United States Supreme Court (***see*** U.S.S.C. Rule 13); to wit, on or about January 14, 1998. Because Richardson did not file such a petition, his judgment of

sentence became final one year after the time to do so expired: on or about January 14, 1998. *See* 42 Pa.C.S. § 9545(b)(1). Richardson filed the instant petition on December 3, 2010, almost eleven years after his judgment of sentence became final. Consequently, the petition facially was untimely.

Despite such facial untimeliness, a tardy PCRA petition nonetheless will be considered timely if (but only if) the petitioner pleads and proves one of the three exceptions to the one-year time limit enumerated in §§ 9545(b)(1)(i)-(iii) of the PCRA, which provide:

> (1)   Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i)        the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii)       the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii)      the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2)   Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b).

Richardson first maintains that his petition is timely pursuant to the governmental interference exception. *Id.* § 9545(b)(1)(i). Initially, Richardson notes that he has uncovered after-discovered evidence that was favorable to his defense. Specifically, Richardson explains that, on June 5, 1993, he and his co-defendant were stopped by a police officer and searched for a weapon. No weapon was found. Additionally, Richardson points out, without any favorable details, that, on June 7, 1993, "from 6:29 p.m. to 6:46 p.m., Radio Patrol Car 2614, provided police radio with a flash of the suspects," and that "a woman named Selisa "Nikky" Smith, . . . provided information in the statement of police officer Frank Polumbo regarding the front seat passenger of the car." Brief for Richardson at 15. Richardson argues that he did not know of this information, and could not have uncovered or utilized the information at a prior time in the proceedings, because "the Commonwealth interfered with his ability to present his claim by suppressing the fact that on June 5, 1993, [Richardson] was stopped and searched by police officers." Brief for Richardson at 16. However, Richardson offers no explanation whatsoever as to how a government official actually interfered with his ability to uncover this information, or to present this information in a prior PCRA proceeding. Furthermore, Richardson does not explain how a government official's action was "in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S. § 9545(b)(1)(i). Consequently, Richardson has

not established the applicability of the governmental interference exception to the PCRA's time bar. This underdeveloped claim necessarily fails.

Richardson also argues in his brief that his petition was timely under the newly-discovered fact exception. *Id.* § 9545(b)(1)(ii). The only fact that Richardson claims to be newly-discovered is the alleged favorability of the June 5, 1993 traffic stop. *See* Brief for Richardson at 17. However, central to the applicability of the newly-discovered fact exception is the requirement that the fact be **unknown** to the PCRA petitioner. Undeniably, Richardson knew that he was stopped and searched by the police on June 5, 1993. Accordingly, Richardson's claim that the newly-discovered fact exception renders his petition timely lacks merit, and fails.[2]

Finally, Richardson argues that the PCRA court erred by concluding that it lacked subject matter jurisdiction over Richardson's Right to Know proceedings. On this point, the PCRA court explained as follows:

> In his June 18, 2013 filing, [Richardson] requests [the PCRA court] to compel the police department to release records under the Right to Know Law. Attached [to the filing] is a denial of his request from the Philadelphia Police Department, [Richardson's] appeal of this decision, and the denial of the appeal by the District Attorney's Office (DAO). [Richardson] insists that jurisdiction vests with the [PCRA court], but he is mistaken. An

---

[2] Richardson also argues that these claims were not previously litigated, *see* Brief for Richarsdon at 18, and that they were raised within sixty days, *id.* at 19, both of which were findings made by the PCRA court. Because we conclude above that Richardson has not met the substantive elements of either stated exception, we need not address these two arguments.

appeal of the DAO's denial should be taken with the Office of Open Records. 65 P.S. § 67.1102(a)(2).

P.C.O. at 5 n.8.

The PCRA court was correct by concluding that it lacked jurisdiction over the substantive claim. Pursuant to 65 P.S. § 67.1101, an appeal from the denial of a written request for information must be directed to the Office of Open Records or judicial, legislative or other appeals officer designated under section 503(d)." Subsection 503(d) directs each branch to designate a particular officer or officers to hear such appeals. 65 P.S. § 67.503. The PCRA court in this case was not a subsection 503 hearing officer, nor, of course, was the PCRA court the Office of Open records. Consequently, the PCRA court correctly determined that it lacked subject matter jurisdiction over Richardson's Right to Know proceeding.

For the foregoing reasons, neither this Court nor the PCRA court possess jurisdiction to reach Richardson's substantive PCRA claims, because Richardson's December 10, 2010 PCRA petition (his sixth) was untimely, and no exception to the PCRA's time limit applies. Additionally, neither this Court nor the PCRA court had subject matter jurisdiction over Richardson's Right to Know claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/13/2014</u>